UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XINGYU DONG,

        *Plaintiff*,

  -against-

ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and UR MENDOZA JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

        *Defendants*.

23-CV-9224 (ARR)

**OPINION & ORDER**

ROSS, United States District Judge:

      Plaintiff, Xingyu Dong, brings this action under the Mandamus Act, 28 U.S.C. § 1361, and Section 706(1) of the Administrative Procedure Act, 5 U.S.C. §§ 701-06, alleging that defendants Secretary of the U.S. Department of Homeland Security Alejandro Mayorkas and Director of the U.S. Citizenship and Immigration Services ("USCIS") Mendoza Jaddou have unduly delayed the adjudication of his application for a provisional unlawful presence waiver ("Form I-601A"). Compl. ¶¶ 8–13, ECF No. 1; Pl.'s Mem. Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") 1, ECF No. 14. Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Defs.' Mem. Supp. Mot. Dismiss ("Defs. Mot.") 1, ECF No. 13-1. For the reasons set forth below, I grant defendants' motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND[1]

      Plaintiff, a native and citizen of the People's Republic of China, has been living in the

---

[1] Because I am resolving defendants' motion under Rule 12(b)(1) of the Federal Rules of Civil

United States since 2010, when he entered the country without inspection. Compl. ¶ 5; Defs.' Mot., Decl. of Denice W. Mitchell ("Mitchell Decl.") ¶ 5, ECF No. 13-2. Plaintiff is now seeking lawful permanent resident status in the United States based on his relationship to his wife, a U.S. citizen. Pl.'s Opp'n 1; Mitchell Decl. ¶ 4.

Under the Immigration and Nationality Act ("INA"), a noncitizen can apply for lawful permanent resident status in several ways, including based on a relationship to a U.S. citizen. *See* 8 U.S.C. § 1151. Through the application method plaintiff is following, the U.S. citizen must first file a Form I-130 Petition for Alien Relative ("Form I-130") on behalf of the noncitizen. *See id.* §§ 1153, 1154; 8 C.F.R. § 204.1(a). If this application is approved, the noncitizen may then apply for an adjustment of status to that of a lawful permanent resident. 8 U.S.C. § 1255(a). Noncitizens who are unlawfully present in the United States generally cannot apply for an adjustment of status from within the U.S. and must instead exit the country and apply for an immigrant visa. *See Lovo v. Miller*, --- F.4th ---, 2024 WL 3280895, at *1–2 (4th Cir. July 3, 2024) (explaining the laws and regulations that set forth these immigration procedures). Moreover, if a noncitizen has been unlawfully present in the United States for longer than a year and voluntarily leaves the country, that noncitizen is ineligible to receive a visa for ten years. 8 U.S.C. § 1182(a)(9)(B)(i). The Secretary of Homeland Security has the authority, however, to waive a noncitizen's unlawful presence and therefore eliminate the ten-year ban. 8 U.S.C § 1182(a)(9)(B)(v). Pursuant to USCIS regulations, some noncitizens may apply for this waiver while still in the United States by submitting a Form I-601A. Defs.' Mot. 4; *Lovo*, 2024 WL 3280895, at *2.

---

Procedure, I refer to evidence outside of the pleadings when necessary to provide full context. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside of the pleadings.").

Plaintiff finds himself in this situation. His Form I-130 has been approved, and to change his status, he must leave the country to apply for an immigrant visa, but because he has been in the United States unlawfully for longer than a year, he will be ineligible to receive a visa for ten years. Pl.'s Opp'n 1; Mitchell Decl. ¶ 5. Plaintiff filed a Form I-601A application on September 9, 2022, and has yet to receive a determination. Compl. ¶¶ 8, 10. He now asserts that the approximately fifteen-month delay between when he submitted his Form I-601A application and when he filed his complaint is unlawful. Pl.'s Opp'n 1. He seeks, among other things, an order compelling defendants to process his application.[2] Compl. 4.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction must establish by a preponderance of the evidence that jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). In evaluating a Rule 12(b)(1) motion to dismiss, a district judge must "accept[] all material factual allegations in the complaint as true," but should "refrain from drawing inferences in favor of the party asserting subject matter jurisdiction." *Gonzalez v. Inn on the Hudson LLC*, No. 20-CV-9196, 2022 WL 974384, at * 2 (S.D.N.Y. Mar. 30, 2022). Further, a district judge "may consider evidence outside of the pleadings

---

[2] In addition to asserting a claim under the APA, plaintiff asserts jurisdiction and requests relief under the Mandamus Act. Compl. ¶¶ 1, 3, 13. "[I]n the context of a suit to compel agency action, 'the avenues of relief that the Mandamus Act and the APA provide are essentially the same.'" *Ruan v. Wolf*, No. 19-CV-4063, 2020 WL 639127, at *3 (E.D.N.Y. Feb. 11, 2020) (quoting *Rajput v. Mukasey*, No. 07-CV-1029, 2008 WL 2519919, at *2 (W.D. Wash. June 20, 2008)). Further, "many district courts . . . have found APA and mandamus jurisdiction to be co-extensive." *Bondarenko v. Chertoff*, No. 07-MC-00002, 2007 WL 2693642, at *10 (W.D.N.Y. Sept. 11, 2007) (collecting cases). As a result, I do not draw a distinction between plaintiff's APA and Mandamus Act claims.

to resolve the disputed jurisdictional fact issues." *Id.* Lastly, when faced with both Rule 12(b)(1) and Rule 12(b)(6) motions, a district judge must consider the Rule 12(b)(1) motion first because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright*, No. 05-CV-9915, 2007 WL 4462181, at *2 (S.D.N.Y. Dec. 19, 2007) (quotation omitted).

## DISCUSSION

The parties' dispute centers around the jurisdiction stripping provision in 8 U.S.C. § 1182(a)(9)(B)(v), which provides that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." Defendants argue that I should dismiss plaintiff's complaint in its entirety for lack of subject matter jurisdiction because § 1182(a)(9)(B)(v) "by its terms" strips courts of jurisdiction to review "'a decision or action [by the Secretary] regarding a waiver' of § 1182(a)(9)(B)(i) inadmissibility." Defs.' Mot. 9 (quoting 8 U.S.C. § 1182(a)(9)(B)(v)). As a result, they urge, I have no jurisdiction to review the merits of plaintiff's claim that defendants have unreasonably delayed adjudication of his Form I-601A application. Plaintiff, on the other hand, asserts that the jurisdiction stripping provision does not apply his claim, which alleges unreasonable delay and does not challenge any particular decision that the Secretary has made on his Form I-601A application. Pl.'s Opp'n 4.

The majority of district courts to address whether courts have jurisdiction to review USCIS's delay in adjudicating Form I-601A waivers have concluded that § 1182(a)(9)(B)(v) precludes judicial review. *See Chen v. Mayorkas*, No. 23-CV-1357, 2024 WL 2846911, at *3 (E.D.N.Y. June 5, 2024) (collecting cases).[3] The two Courts of Appeals that have issued decisions

---

[3] For examples of cases coming to the opposite conclusion, see, e.g., *Chen*, 2024 WL 2846911, at *3–4; *Segovia v. Garland*, No. 23-CV-1478, 2024 WL 1223481, at *5–10 (N.D. Ga. Mar. 21, 2024).

4

on this question reached opposite conclusions. *Compare Lovo*, 2024 WL 3280895, at *5–9 (determining that § 1182(a)(9)(B)(v) does not strip courts of jurisdiction to review USCIS's delay in adjudicating Form I-601A waivers, but concluding that it nevertheless lacked subject matter jurisdiction to review plaintiff's complaint because the APA does not "permit judicial review of a challenge to 'agency action [that] is committed to agency discretion by law'" (quoting 5 U.S.C. § 701(a)(2))), *with Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024) (concluding that § 1182(a)(9)(B)(v) precludes courts from reviewing USCIS's delay in adjudicating Form I-601A waivers). I am aware of only one court in this circuit that has reviewed this question, and it sided with the minority view. *See Chen*, 2024 WL 2846911, at *3–4.

I agree with defendants and the majority of district courts. Plaintiff correctly notes that there is a long-settled presumption in favor of judicial review of administrative action. Pl.'s Opp'n 3–4; *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020). This presumption, however, can be overcome by "clear and convincing evidence" of congressional intent to strip jurisdiction, *Guerrero-Lasprilla*, 589 U.S. at 229, such as when a "statute[] preclude[s] judicial review," 5 U.S.C. § 701(a)(1). Here, § 1182(a)(9)(B)(v) does just that—it strips courts of jurisdiction to review the Secretary's "decision[s] or action[s] regarding a waiver." § 1182(a)(9)(B)(v); *see also Soni*, 103 F.4th at 1273 (explaining that the presumption of judicial review of agency action "drops out" when a statute explicitly strips courts of jurisdiction).

Plaintiff argues that Congress's intent to strip courts of jurisdiction to review USCIS's delay in adjudicating Form I-601A waivers is not so clear. Pl.'s Opp'n 4–5. The thrust of his argument is that § 1182(a)(9)(B)(v) applies only to *actions* that the Secretary takes regarding a waiver, and that his complaint relates to defendants' *inaction*. *Id.* at 4–5. Plaintiff contends that it would be illogical to conclude that the definition of the word "action" includes its opposite,

5

"inaction." Pl.'s Opp'n 4; *see Ohio v. Wright*, 992 F.2d 616, 619 (6th Cir. 1993) ("The words of a statute can be read to mean many things, but they should not be read to mean the exact opposite of what the statute clearly says."). Defendants do not argue, however, that the definition of action includes inaction; they instead argue that "[t]he word 'action,['] as it appears in § 1182(a)(9)(B)(v), encompasses the pace at which USCIS adjudicates an I-601A application." Defs.' Mot. 9–10. They explain that USCIS uses a "first-in-first-out" process for adjudicating Form I-601A applications; in other words, it processes these applications in the order it receives them. *Id.* at 4.

Defendants are correct. The common meaning of "action" includes "the process of doing something." Black's Law Dictionary, (12th ed. 2024); *see also Chen*, 2024 WL 2846911, at *4. This definition captures USCIS's "first-in-first-out" process: By placing plaintiff's application in line for review in accordance with this process, defendants took an action, however minimal. *See Soni*, 103 F.4th at 1273 ("Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers."). The Fourth Circuit was not persuaded by this argument. It reasoned that policy choices about how to allocate resources do not constitute relevant actions under § 1182(a)(9)(B)(v) because that provision refers to "'a decision or action . . . regarding *a* waiver,' not high-level policy choices regarding all waivers." *Lovo*, 2024 WL 3280895, at * 8 (quoting § 1182(a)(9)(B)(v)). But § 1182(a)(9)(B)(v) makes no such distinction between systemic decisions and decisions that impact only individual waiver applications, and nevertheless, this reasoning ignores the fact that the first-in-first-out adjudication process affects waiver applications at the individual level by determining each waiver's place in line.

The word "regarding" in § 1182(a)(9)(B)(v) further supports the conclusion that "action" includes not just ultimate determinations on waiver applications, but also the processes involved

6

in making such decisions. *See Patel v. Garland*, 596 U.S. 328, 338–39 (2022) ("[T]he use of 'regarding' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." (quotation omitted)). In *Patel*, the Supreme Court determined that a provision of the INA barring judicial review of the Attorney General's decisions denying discretionary relief from removal covers not only the ultimate decision to deny relief, but also factual findings underpinning the ultimate decision. *Id.* at 331. The Supreme Court reached this decision partially due to the broadening effect of the word "regarding." *Id.* at 333 (explaining that because the relevant jurisdiction stripping provision precluded judicial review of "any judgment *regarding* . . . relief" that provision "encompasses not just 'the granting of relief' but also any judgment *relating* to the granting of relief"). Like in *Patel*, the word "regarding" in § 1182(a)(9)(B)(v) has a broadening effect; "a decision or action *regarding* a [w]aiver [a]pplication would comprise decisions made about the process of adjudicating a [w]aiver [a]pplication, including delays that may arise from USCIS's decision to prioritize other matters," such as other waiver applications submitted earlier. *Candido v. Miller*, No. 23-CV-11196, 2024 WL 710660, at *4 (D. Mass. Feb. 21, 2024) (emphasis added). I accordingly conclude that § 1182(a)(9)(B)(v), which precludes judicial review of "a decision or action by the Attorney General regarding a waiver," strips me of jurisdiction to review plaintiff's complaint.[4]

## CONCLUSION

For the foregoing reasons, I grant defendants' motion to dismiss in its entirety.

---

[4] Although 5 U.S.C. § 701(a)(2) might separately preclude judicial review, *see Lovo*, 2024 WL 3280895, at *9, defendants do not make this argument, and I need not address it given my conclusion that § 1182(a)(9)(B)(v) bars me from reviewing plaintiff's complaint.

7

SO ORDERED.

                                                  /s/
                                      Allyne R. Ross
                                      United States District Judge

Dated:        July 22, 2024
                Brooklyn, New York